UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-138 (CKK) |
| : | |
| EMERSON LEDWELL-BEY : | |
| : | |
| Defendant. : | |
| _____ : | |

**UNITED STATES' MEMORANDUM
IN AID OF SENTENCING AND MOTION FOR
THREE-POINT REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing. In support thereof, the United States respectfully states the following:

Background

1.  On April 13, 2006, at approximately 12:30 p.m., the defendant robbed Adams National Bank, located at 1501 K Street, N.W., Washington, D.C. He approached the bank teller and stated, "Give me all your fifties and twenties." The bank teller handed the defendant $6,290 in U.S. currency. The defendant took the money and left the bank.

2.  On April 21, 2006, at approximately 1:53 p.m., the defendant robbed PNC Bank, located at 3300 14th Street, N.W., Washington, D.C. During the course of the robbery, he approached the bank teller and stated, "Give me all your fifties and twenties." The teller gave the defendant $2,030 in U.S. Currency. The defendant placed the money in a plastic bag, which he had

retrieved from his pocket, and left the bank.

3. On May 4, 2006, at approximately 2:00 p.m., the defendant robbed the PNC Bank located at 5252 Wisconsin Avenue, N.W., Washington, D.C. During the course of the robbery, the defendant approached the bank teller, leaned forward with his right hand in his pocket, and stated, "Give me all your fifties and twenties." The bank teller handed the defendant $2,290 in U.S. currency. The defendant placed the money in a plastic bag, which he had retrieved from his pocket, and left the bank. Following this robbery, the defendant fled by foot and boarded a Metro bus. The defendant went to the rear of the bus where a dye packet that the bank teller had included with the stolen money exploded. As a result of the explosion of dye, the defendant and several passengers exited the bus, and the police were directed to the defendant by one of the passengers. While the defendant was briefly detained at the scene, the bank teller was able to identify the defendant as the person who had robbed the bank, and the defendant was arrested. After being advised of and waiving his rights, the defendant admitting to robbing the PNC Bank at 5252 Wisconsin Avenue, N.W., earlier that day. He explained that he robbed the bank to get money to support his drug habit. He stated that he would say, "Give me the money" or "Give me twenties and fifties," and that he wore gloves to avoid leaving fingerprints. The defendant also admitted to robbing two other banks in Northwest, Washington, D.C., within the previous month.

4. To his credit the defendant took responsibility for his conduct and expressed an interest in accepting the government's plea offer at an early stage in this case. The defendant pled guilty on June 7, 2006, to Counts One and Two of the information, charging him with three counts of unarmed bank robbery, in violation of Title 18, United States Code, Section 2113(a). Each Count

carries a potential maximum sentence of twenty (20) years imprisonment, a fine of not more than $250,000 pursuant to Title 18, United States Code, Section 3571(b)(3), and a period of supervised release of not more than three years pursuant to Title 18, United States Code, Section 3583(b)(2). Pursuant to the plea agreement, the defendant agreed to accept responsibility for a total restitution amount of $8,320, which represents the total amount stolen on by the defendant on April 13, 2006, and April 21, 2006. The defendant also agreed not to seek for any reason a sentence below his applicable range under the Sentencing Guidelines.

5. Pursuant to the plea agreement, the government agreed and hereby moves to dismiss the remaining count in the information (i.e., Count Three) after sentencing. In addition, the government agreed not to seek a sentence above the defendant applicable range under the Sentencing Guidelines, and to move the Court for a three-level reduction to the defendant's offense level for early acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

Sentencing Recommendation

6. Based on the information set forth in the Presentence Investigation Report, the defendant's total offense level is 29, having pled guilty to two counts of unarmed bank robbery. U.S.S.G. §§ 2B3.1(a), 2B3.1(b)(1), 3D1.4, 4B1.1(c) and 3E1.1(a). Based on the defendant's status as a career offender, the defendant's criminal history category is Category VI. U.S.S.G. § 4A1.1(d). Based on a total offense level of 29 and a criminal history category of VI, the guideline range of imprisonment is 151 to 188 months. U.S.S.G. Chapter 5, Part A. The government is recommending that the defendant be sentenced to 168 months (i.e., 14 years) of imprisonment, followed by a three year period of supervised release for each count, to be served concurrently. In addition, the

government requests that the remaining count in the information, Count Three, be dismissed pursuant to the terms of the plea agreement.

7.   The Government's recommendation of 168 months, which is slightly less than the midpoint of his applicable Sentencing Guidelines range, is reasonable. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

8.   In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In light of this mandate

– and the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Not only is a sentence within the Guideline range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences. A sentence to 168 months of incarceration, near the middle of the defendant's Sentencing Guideline range, satisfies this goal.

9. A sentence within the Sentencing Guideline range is not only presumptively reasonable for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case, when viewed in conjunction with the defendant's criminal history and willingness to accept responsibility at an early stage in the case. The recommended sentence of 168 months is also supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the defendant. Id.

10. In considering the circumstances of the instant offense and the defendant's criminal history, the defendant was sentenced to 87 months and 63 months of incarceration respectively for his two prior bank robbery convictions in 1991 and 1999. Each time, he committed the same crime, unarmed bank robbery, approximately a year and a half after he was placed on supervised released. In the instant offense, the defendant is culpable of having committed three unarmed bank robberies

in April and May of 2006. Moreover, the defendant was on supervised release for an unarmed bank robbery conviction. A sentence of 14 years is reasonable in light of the pattern of conduct exhibited by the defendant and his apparent inability to change his behavior.

11. Although the criminal offense committed by the defendant in this case did not result in physical harm to the individuals who were present during the commission of these bank robberies, the offenses are crimes of violence. More importantly, the potential is particularly high for bank robberies to spiral in a direction that could result in physical harm to individuals because of the manner in which banks are guarded as an institution. For that reason, deterrence is an especially important consideration in fashioning a sentence in this case.

12. Lastly, the government submits that although the defendant's record on supervised release casts a shadow of doubt on the ability of the defendant to be rehabilitated in a way that is meaningful to the community, the defendant should receive credit for his immediate acceptance of responsibility in this case, having admitted not only to the crime he committed on the day of his arrest, but also to the two robberies he committed in April 2006.

13. Should the Court be inclined to award restitution, the Government requests that the defendant be ordered to make restitution in the amount of $6,290, to Adams National Bank, 1501 K Street, N.W., and $2,030, to PNC Bank, 3300 14th Street, N.W., Washington, D.C.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 168 months of incarceration.

Respectfully,

JEFFREY A. TAYLOR
United States Attorney

By: _____
PERHAM GORJI
ASSISTANT UNITED STATES ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822
Fax: (202) 616-3782

CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Rita Bosworth, Federal Public Defender, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20004, this _____ day of October, 2006.

_____
PERHAM GORJI, AUSA