IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA )
                                                )               Cr. No. 06-138 (CKK)
                      v.                         )
                                                )
EMERSON LEDWELL-BEY          )
_____)


### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Mr. Emerson Ledwell, through his counsel, Rita Bosworth, Assistant Federal Public

Defender, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal

Rule of Criminal Procedure 32.  Based on all the sentencing factors in this case, including the

United States Sentencing Guidelines, Mr. Ledwell respectfully submits that he should be

sentenced to a period of incarceration of ten years.

### BACKGROUND

On May 24, 2006, the government filed a three-count information against Mr. Ledwell,

charging him with three counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  The

criminal conduct charged in the information occurred on April 13, April 21, and May 4, 2006.

Mr. Ledwell  was arrested on May 4, 2006 and he has been held without bond at the D.C. Jail

ever since then.  Mr. Ledwell pled guilty to two counts of the information on June 7, 2006.  He

was supposed to be sentenced on September 11, 2006, however, due to the fact that the probation

office failed to complete a pre-sentence investigation report on time, his sentencing had to be

pushed back to November 3, 2006, at 9:00 a.m.

**DISCUSSION**

**I.      THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound

to apply the Guidelines, must consult those Guidelines and take them into account when

sentencing.  See 18 U.S.C. § 3553(a)(4)."  United States v. Booker, 543 U.S. 220, 264 (2005)

(Breyer, J.).  While holding that district courts should still consider the Guideline calculations

and ranges for sentencing purposes, the remedial majority in Booker held that courts must

consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  Pursuant to Booker,

therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the

Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote
> respect for the law, and to provide just punishment for the
> offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the
> defendant; and
>
> (D) to provide the defendant with the needed educational
> and vocational training, medical care, or other correctional
> treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary,

to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances

of the offense, the history and characteristics of the defendant, the range of sentences available,

2

the need to avoid unwanted sentencing disparities among defendants with similar records who

have been found guilty of similar conduct, and the need to provide restitution to any victims of

the offenses charged.

> Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

> Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of

Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in

determining the appropriate sentence. With respect to *departures* from the Guideline range, in

particular, courts need not justify sentences outside the Guidelines by citing factors that take the

case outside the "heartland." Rather, as long as the sentence imposed is reasonable and

supported by the factors outlined in Section 3553, courts may disagree with the range proposed

by the Guidelines in individual cases and exercise their discretion.

## II.     UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. LEDWELL SHOULD RECEIVE A SENTENCE OF INCARCERATION OF TEN YEARS[1]

---

[1]     In its sentencing memorandum, the government asserts that "The defendant also agreed not to seek for any reason a sentence below his applicable range under the Sentencing Guidelines." Gov. Mem. At 3, ¶ 4. This is incorrect. The plea agreement states that "Your client further agrees not to seek a *downward departure* for any reason, including pursuant to United States v. Booker, 543 U.S. 220 (2005), or 18 U.S.C. § 3553, from the otherwise applicable

A.  Statutory Provisions

Pursuant to the applicable statutes, there is no minimum term of imprisonment, and the

maximum term of imprisonment is twenty years for each of these class C felonies. 18 U.S.C. §§

2113(a).

B.  Advisory Sentencing Guidelines

The Probation Office, using the 2005 Edition of the United States Sentencing Guidelines,

has concluded that the Base Offense Level in this case is 20 and that Mr. Ledwell's criminal

history category is VI, resulting in an advisory Guideline range of 151-188 months.

C.  Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a), sentencing courts should

consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote

---

guideline range established by the Sentencing Guidelines."  Plea Agreement at 3, ¶ 9 (emphasis
added).  In accordance with the plea agreement, Mr. Ledwell is not seeking a downward
departure.  He is only seeking a variance from the guidelines, for, as the government concedes,
the Supreme Court in Booker "held that the mandatory application of the United States
Sentencing Guidelines violates the Sixth Amendment . . . ."  Gov. Mem. At 4, ¶ 7.  Mr. Ledwell
would not have agreed to this plea if he believed the plea agreement to limit him to allocuting for
a guideline sentence.  Indeed, undersigned counsel did not interpret the language in this plea to
do so, she therefore did not advise Mr. Ledwell that this would be a consequence of accepting the
plea.
      Even if the Court determines that the plea limits Mr. Ledwell to arguing for a guideline
sentence, it is still defense counsel's ethical duty to put before the Court all relevant sentencing
factors.  As the government acknowledges, the Court is not bound by the plea agreement, nor is it
bound by the advisory sentencing guidelines.  Therefore, even should Mr. Ledwell be precluded
from allocuting for a non-guideline sentence, the Court may take all the information presented
into account when determining for itself whether a guideline sentence is appropriate.

respect for the law, and to provide just punishment for the offense; 2) to afford adequate

deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and

4) to provide the defendant with the needed educational and vocational training, medical care, or

other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances

of the offense, the history and characteristics of the defendant, the range of sentences available,

the need to avoid unwanted sentencing disparities among defendants with similar records who

have been found guilty of similar conduct, and the need to provide restitution to any victims of

the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater

than necessary, to comply with the purposes" set forth above. _____


*I. Nature of the Offense*

Mr. Ledwell understands that bank robbery is a serious offense and he regrets his

behavior.  Though Mr. Ledwell in no way wishes to diminish the seriousness of the offense, he

notes that he did not use weapons or violence when effectuating the offense, nor was any

identifiable victim physically hurt as a result of his conduct.


*II. Characteristics of the Defendant*

Mr. Ledwell's case is sad.  He has spent a large portion of his life institutionalized, and he

was abandoned by his family long ago, leaving him to fend for himself with no support from

loved ones.  Mr. Ledwell has suffered from drug abuse and, though he has tried to rid himself of

this habit, he has not yet had access to the personal strength or resources to overcome it.  Unlike

people who have access to family support, education, and financial resources, Mr. Ledwell has

had nobody to help him through the difficult times in his life.

Mr. Ledwell knows that what he did was wrong. It is important to note that he did not

put anyone in physical danger during the commission of any of these offenses. It is also

important to note that Mr. Ledwell confessed freely and voluntarily to the crimes for which he

was charged. Mr. Ledwell did not and does not intend to harm anyone.

As the Court can see from the PSR, Mr. Ledwell suffers from a number of serious health

conditions, including seizures and latent liver cancer. Mr. Ledwell must take medication for his

seizures and he had to undergo chemotherapy for his cancer, which is currently in remission but

could come back at any time. In addition, Mr. Ledwell has a history of mental health treatment

and has been diagnosed as mildly mentally retarded. Mr. Ledwell is simply not in very good

condition, and every day in jail is therefore more trying for him than a younger, healthier

individual.


*III. Appropriate Sentence*

Mr. Ledwell is 52 years old. If the Court imposed a sentence of ten years, he would be 62

when he got out. There is no telling whether Mr. Ledwell will survive for ten more years or not,

given the plethora of health issues that plague him. Assuming that Mr. Ledwell does make it, it

is unlikely that he will re-offend. Ten years is a long time for anyone to be in prison, particularly

if they have no family or friends to help them through it and if they have serious health issues.

Mr. Ledwell therefore submits that ten years is absolutely a sufficient sentence in this case.

The government argues for a sentence in the middle of the guideline range, 168 months, which is 14 years. This is an extremely unreasonable request. First of all, the government cites Mr. Ledwell's criminal history as its primary reason. However, Mr. Ledwell's criminal history category has already been inflated due to his status as a career offender. According to the PSR, Mr. Ledwell would only be at a criminal history category of IV were it not for the career offender enhancement. In addition, his base offense level would have been a 21, taking into account 3 points for acceptance, to which there is no question that he is entitled. This would give him a guideline range of 57-71 months, significantly lower than the ten years Mr. Ledwell is requesting, and almost one-third of what the government requests. Undersigned counsel understands that the government feels compelled to request a guideline sentence. However, asking for anything more than the minimum in this case goes above and beyond reasonableness, particularly when enhancements for his criminal history and base offense level have already been taken into account. The government agrees that Mr. Ledwell did not physically harm anyone and they agree that he has been fully cooperative and has accepted responsibility, these are factors which often standing alone warrant a sentence at the low end of the guidelines. The government has provided no additional adequate reason for sentencing Mr. Ledwell to anything more than the minimum guideline sentence.

Mr. Ledwell is old, and he is sick. Ten years is an eminently fair sentence in this case, but if the Court chooses to abide by the sentencing guidelines, no more than the minimum is necessary. The Court should also keep in mind that once Mr. Ledwell is sentenced in this case, he will have a hearing on violation in his previous case for which he is on supervised release. Upon consultation with his attorney in that case, it is counsel's understanding that he is facing 18-

24 months for that violation, which again weighs in favor of a lower sentence for Mr. Ledwell in this case so as to avoid unnecessary punishment.

## **CONCLUSION**

_____For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Ledwell asks the Court to sentence him to a period of incarceration of ten years. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ex.105